# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEXTER HUGHES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )  No.: 18-cv-1449-MMM |
| | ) |
| **JOSEPH HART, et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, currently at the Illinois River Correctional Center and proceeding *pro se*, files an amended complaint under 42 U.S.C. § 1983, alleging retaliation and violations of equal protection at the Pontiac Correctional Center ("Pontiac").  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On October 31, 2018, Plaintiff's new cellmate, Martinez, made sexual advances to him, offering him "commissary and phone time" in exchange for a sexual act.  Plaintiff complained to Defendant Officer Hart, asking that either he or his cellmate be moved.  In the next few weeks,

Plaintiff reiterated this request both to Defendant Hart and Defendant Flexer, telling them that Martinez was making threatening sexual comments.

On November 11, 2018, Martinez began masturbating, threatening to force himself on Plaintiff. Plaintiff complained to Defendant Hart who ordered him back to his cell. Plaintiff threatened to go to a Lieutenant and to write a grievance on Defendant Hart, but returned to his cell. While in the cell, he and Martinez admittedly began arguing. Defendant Hart claims to have overheard Plaintiff threatening Martinez that he would "kick his ass" if Martinez was not moved from the cell.

Defendant Hart thereafter took Plaintiff before Lieutenant Kransican, not a party. There, Plaintiff was informed that Defendant was writing him a disciplinary ticket for intimidation or threats. At that point, Plaintiff complained to Lt. Kransican that Defendants Hart and Flexer had failed to take action in response to his complaints about Martinez. Plaintiff denies having threatened Martinez and claims that the disciplinary ticket was written in retaliation for his complaints about Defendants. He asserts that on November 21, 2018, the ticket written by Defendant Hart was dismissed. Two days after the meeting with Lt. Kransican, inmate Martinez was assigned to a different cell.

Plaintiff alleges against Defendant Flexer that on November 16, 2018, Defendant wrote him a disciplinary report falsely claiming that he had a peanut butter jar and bowl which were not stowed in his property box. Officer Moody, not a party, served the tickets on Plaintiff and allegedly told him he was on Defendant Flexer's "shit list." Plaintiff claims, however, that he was not formerly charged, there was no hearing, and there is no record of this ticket in his disciplinary history. Plaintiff believes, therefore, that the disciplinary charges were "fake" and used merely to stress him out.

Later that same day, Defendant Flexer informed Plaintiff that he was to be interviewed by Internal Affairs in response to a PREA report he had filed against inmate Martinez. Plaintiff claims that prior to taking him to the interview, Defendant Flexer patted him down in an aggressive manner, causing his pants to sag. Defendant then wrote Plaintiff a disciplinary ticket for insolence and a rules violation in relation to the sagging pants. Defendant Flexer also allegedly yelled out "Hughes is going to IA to snitch on Martinez." Plaintiff alleges that this placed his life in danger but does not claim he suffered threats or injury as a result. Plaintiff alleges that Defendant Flexer's actions were in retaliation for Plaintiff "telling on" Martinez and complaining to Lt. Kransican about Hart and Flexer.

On November 17, 2018, Plaintiff returned from recreation to find that the cell had been searched and his, but not his cellmate's property, was scattered about the room. Plaintiff had various items of personal property which were confiscated as contraband, though later returned to him. Plaintiff claims that the search of his cell was done by Defendant Hart and was motivated by retaliation. On November 18, 2018, Plaintiff reported Defendant Hart's alleged retaliation to Lt. Kransican, who moved Plaintiff to a different dorm.

Here, Plaintiff fails to state a claim that Defendant Hart filed a false disciplinary ticket on November 11, 2018 in retaliation for Plaintiff's complaints to Lt. Kransican. This is so as Defendant Hart asserted the disciplinary charges before Plaintiff had complained about him to Lt. Kransican. While Plaintiff had, earlier, threatened to file a grievance against Defendant Hart, a mere threat is not enough for retaliation. *See Parnell v. Lashbrook*, No. 16- 1144, 2017 WL 2876526, at *8 (S.D. Ill. July 6, 2017) citing *Bridges v. Gilbert*, 557 F.3d 541 (7th Cir. 2009).

Plaintiff does, however, state a colorable retaliation claim for Defendant Hart shaking down his cell and confiscating personal property which was subsequently returned to him. He

also states retaliation claim for Defendant Flexer's identifying him as a snitch and writing the ticket alleging insolence and a violation of the dress code, which occurred after Plaintiff's complaints to Lt. Kransican.

While Plaintiff also alleged an earlier ticket asserting that he had failed to stow items in his property box, charges were never filed and Plaintiff was not disciplined. This is not enough to state a retaliation claim. *See Bridges,* 557 F.3d at 552 (to effectively allege retaliation, plaintiff must allege that he experienced an adverse action that would likely deter such protected activity in the future).

While Plaintiff might otherwise allege a failure to protect claim against Defendants Hart and Flexer, he does not allege any physical injury which resulted from his placement with inmate Martinez. *Wright v. Miller*, 561 Fed. Appx. 551, 555–56 (7th Cir. 2014). "Under the Prison Litigation Reform Act, absent an accompanying physical injury, a court may not award compensatory damages for nonphysical harm, such as fear of attack."

Plaintiff also alleges that Defendants violated his rights to Equal Protection without pleading any facts to establish that he was treated differently from other similarly situated individuals due to his race, or that he was arbitrarily singled out for unfair treatment. *Abcarian v. McDonald,* 617 F.3d 931, 938 (7th Cir. 2010). This claim is, again, DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the First Amendment retaliation claims against Defendants Hart and Flexer identified herein. Plaintiff's Equal Protection claim is DISMISSED for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's

document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

  10/29/2019                                             s/ Michael M. Mihm
ENTERED                                                     MICHAEL M. MIHM
                                                             UNITED STATES DISTRICT JUDGE